**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3142
_____

UNITED STATES OF AMERICA

v.

LACEY GRAVES,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-06-cr-00095-01)
District Judge:  Honorable Jan E. DuBois
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2015

Before:   GREENAWAY, JR., KRAUSE, and GREENBERG, *Circuit Judges.*

(Filed: May 28, 2015)

_____

OPINION*
_____

---

*      This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Lacey Graves, who was convicted by a jury of bank robbery, appeals the District Court's decision to deny his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We will vacate the District Court's order in part, affirm in part, and remand for further consideration in light of our recent decision in *United States v. Wright*, 777 F.3d 635 (3d Cir. 2015).

## I.

Graves was tried three times for bank robbery, in violation of 18 U.S.C. § 2113(d), and for use of a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c). The District Court declared a mistrial in the first two trials after the jury failed to reach a verdict. At the third trial, the jury found Graves guilty of the bank robbery charge and acquitted him of the firearm charge, and the District Court sentenced him to a term of 180 months' imprisonment, a term of supervised release of five years, restitution of $6,421, and a special assessment of $100. Graves appealed the conviction, and we affirmed. *See United States v. Graves*, 373 F. App'x 229, 232-34 (3d Cir. 2010).

Graves subsequently filed a motion under 28 U.S.C. § 2255, arguing that his trial counsel did not provide effective assistance, as defined by *Strickland v. Washington*, 466 U.S. 668 (1984), because they failed to call Leslie Neal as a witness and failed to make a motion to suppress items seized from Neal's home.[1] The District Court denied Graves'

---

[1] Graves previously had argued that his counsel was ineffective for failing to acquire and authenticate the original bank surveillance tapes, but withdrew this claim at a hearing before the District Court.

§ 2255 motion, but granted a certificate of appealability on the suppression issue. We expanded the certificate of appealability to include counsel's failure to call Neal as a witness. We will address these two *Strickland* issues in turn.

The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255, and we have jurisdiction pursuant to 28 U.S.C. § 1291. In a § 2255 proceeding, we exercise plenary review over the District Court's legal conclusions and apply a clear error standard to its findings of fact. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014).

## II.

To prove ineffective assistance of counsel, a criminal defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Our review of counsel's performance "must be highly deferential" so as "to eliminate the distorting effects of hindsight," and we therefore "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## A.

First, Graves argues that he was deprived of his right to effective assistance because counsel failed to call his girlfriend, Leslie Neal, as a witness. The District Court held that this *Strickland* claim failed because Graves' counsel "made a strategic decision

3

not to call Neal as a witness" and that "[t]his decision was not so unreasonable as to be constitutionally deficient." *United States v. Graves*, 951 F. Supp. 2d 758, 775 (E.D. Pa. 2013). We agree.

*Strickland* requires that a defendant "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." 466 U.S. at 689 (internal quotation marks omitted). If the Government "can show that counsel actually pursued an *informed* strategy (one decided upon after a thorough investigation of the relevant law and facts)," the effectiveness of counsel's assistance is "virtually unchallengeable." *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005).

The Government argues, convincingly, that Graves' counsel opted not to call Leslie Neal as a witness because her testimony harmed Graves' case more than it helped. Graves' counsel had observed Neal's testimony at the first two trials and determined that she lacked credibility as a witness. Neal had testified previously that, on the day of the robbery, she dropped Graves at a Walmart near the bank and drove to meet a drug dealer to purchase marijuana for Graves. Unable to find the drug dealer and wanting to know the time, she pulled into the bank parking lot, covered her head with a scarf to protect herself from the rain, and looked through the bank's glass doors in search of a clock on the wall.[2] The Government offered the alternative explanation that Neal had parked in the bank's parking lot, covered her face with a scarf to obscure her identity, and peered in

---

[2] Neal testified at a hearing before the District Court that, had she been called as a witness at the third trial, her testimony would have been substantially similar to her testimony from the first two trials.

4

to the bank's windows to case the bank for Graves' robbery. In support, the Government offered the eyewitness testimony of a bank teller who had been so unnerved by Neal's behavior that she had tried to copy down Neal's license plate number.

Graves argues that Leslie Neal would have rebutted other witnesses' testimony and provided an alternative account of Graves' actions at the time of the robbery, relying on cases holding that the failure to call a crucial alibi witness or to investigate the existence of an alibi witness might constitute deficient performance. *See, e.g.*, *Adams v. Bertrand*, 453 F.3d 428, 436-38 (7th Cir. 2006). The record here, however, does not support this argument and renders these cases inapposite. Graves' defense at the third trial focused on the unreliability of eyewitness identifications of the masked robber. Neal's testimony, assuming it was consistent with her testimony from the two previous trials, would have compromised this defense by placing Graves in close physical proximity to the bank without otherwise accounting for his actions at the time. The record therefore demonstrates that Graves' counsel opted not to call Neal based on an informed, reasoned belief that her testimony would hurt a potentially viable defense and that counsel made a reasonable strategic decision not to call her as a witness for the third trial. Counsel's decision thus cannot be deemed deficient under *Strickland*.

B.

Second, Graves argues that his trial counsel provided ineffective assistance because of their failure to move to suppress evidence found in Neal's home based on the

search warrant's lack of particularity.[3] That evidence included Graves' New Balance sneakers, which a forensic examiner with the Federal Bureau of Investigation with specialized training in shoeprint examinations testified could have been responsible for the footwear impressions found at the crime scene, as well as purchase receipts totaling $226.03.

The District Court held that Graves failed to prove effective assistance because, although it concluded that counsel was deficient in failing to move to suppress a facially defective warrant, Graves did not prove prejudice.[4] Specifically, the District Court held that (1) counsel's motion to suppress would have been granted under our then-existing case law, *Graves*, 951 F. Supp. 2d at 766 (citing *Groh*, 540 U.S. at 563-65); but concluded that (2) the jury would have convicted Graves in any event on the basis of the other evidence introduced at trial, so there was no "reasonable probability that, without that evidence, Graves would not have been found guilty." *Graves*, 951 F. Supp. 2d at 775.

---

[3]   Graves' counsel had moved to suppress on probable cause grounds, but had not argued that the search warrant lacked particularity.

[4]   In holding that counsel's performance was deficient, the District Court relied solely on *Groh v. Ramirez*, 540 U.S. 551, 558 (2004), which held that suppression was required where "the warrant did not describe the items to be seized *at all*." However, the warrant in Graves's case, in contrast, merely failed to expressly incorporate the attached affidavit. Moreover, between the Supreme Court's decision in *Groh* and the time of Graves' trial, we declined to suppress under *Groh* where the warrant was not so fundamentally flawed. *E.g.*, *United States v. Yusuf*, 461 F.3d 374, 393-94 (3d Cir. 2006). Thus, although we resolve Graves's ineffective assistance claim on other grounds, we are doubtful that the performance of the highly experienced defense counsel in this case would be deemed deficient even under our earlier case law.

The Government asks us to affirm on the second part of the District Court's rationale, i.e., even assuming a motion to suppress had been made and granted, there was no reasonable probability of a verdict other than guilty. We cannot agree.[5] Having elicited the testimony of the FBI expert linking the sneakers to the shoe prints found at the bank, the Government reiterated the importance of the FBI expert's testimony in its closing argument, stating that the sneakers were "valuable" evidence because they were "a match" with footprints found at the scene of the crime, though it conceded that they were not an "exclusive match."[6] (Supp. App. 615-16.) Further, the Government used the sneakers to tie Graves to Leslie Neal, who it alleged had cased the bank and then driven off in Graves' car. The fact that Graves' sneakers were found at Neal's apartment strengthened the Government's argument that Graves entrusted Neal with casing the bank and driving his car—the same car that had been identified by a partial license plate number at the scene of the crime and that the Government asserted Neal had driven away after casing the bank. The New Balance sneakers thus played a significant role in the Government's case, and even the Government concedes on appeal that the evidence from the search of Neal's home was "certainly probative." Appellee's Br. 33.

We must evaluate the prejudicial effect of counsel's performance "in light of the totality of evidence at trial: a verdict or conclusion only weakly supported by the record

---

[5] We may examine *Strickland*'s two prongs in whatever order is most practical. *See Gov't of V.I. v. Vanterpool*, 767 F.3d 157, 165 n.8 (3d Cir. 2014).

[6] In determining the impact of evidence on a jury verdict for our analysis of the prejudice prong, we have observed that the Government's "closing argument is revealing." *Grant v. Lockett*, 709 F.3d 224, 237 (3d Cir. 2013).

is more likely to have been affected by errors than one with overwhelming record support." *Grant*, 709 F.3d at 235 (internal quotation marks omitted). While the District Court may well be correct that the evidence in question did not have a "strong impact" on the trial, it was also correct that this case was a quintessential example of a "close case." *Graves*, 951 F. Supp. 2d at 774. Indeed, it was such a close case, with the first two trials ending with hung juries, that even a weak impact may well have altered the outcome. Thus, given the role the sneakers played in the Government's case, we conclude, contrary to the District Court, that Graves satisfied his burden to show "a reasonable probability that . . . the result of the proceeding would have been different."[7] *Strickland*, 466 U.S. at 694. That conclusion, however, assumes that a motion to suppress would have been granted, so we turn now to the validity of that assumption.

In *Herring v. United States*, 555 U.S. 135, 144 (2009), the Supreme Court expanded the good faith exception to the exclusionary rule by holding that evidence is suppressed when police behavior in violation of the Fourth Amendment is "deliberate, reckless, or grossly negligent," but not when it is the result of simple, isolated negligence. *Id.* at 147-48. The District Court identified a circuit split as to whether *Herring* applied to facially invalid warrants and noted "competing Third Circuit interpretations" in *Virgin Islands v. John*, 654 F.3d 412, 418 (3d Cir. 2011)—which the District Court characterized as holding that a search based on a facially invalid search warrant per se involves conduct that is deliberate, reckless, or grossly negligent—and *United States v.*

---

[7] We agree with the District Court, however, that the evidence of $226.03 of purchase receipts did not have any effect on the outcome of the trial given that the Government also introduced receipts for over $1,300.00 found in Graves' car.

*Wright*, 493 F. App'x 265, 272 (3d Cir. 2012) ("*Wright I*")—a non-precedential opinion holding that the "assumption that a facially invalid warrant automatically triggered a per se application of the exclusionary rule" without assessing the officer's culpability was "erroneous." *Graves*, 951 F. Supp. 2d at 769-72. Recognizing that *Wright I* was "not binding precedent in this circuit," the District Court concluded it was bound to follow *John*, and accordingly held that the evidence would have been suppressed regardless of the officer's mental state. *Id.* at 772-74 (quoting *Kolkevich v. Att'y Gen.*, 501 F.3d 323, 331 n.5 (3d Cir. 2007)).

We rejected that approach in a precedential opinion, however, when the *Wright* case returned to us on a subsequent appeal. *United States v. Wright*, 777 F.3d 635 (3d Cir. 2015) ("*Wright II*").[8] Presented with facts very similar to Graves' case, we held that even if a warrant is facially invalid, courts must examine the totality of the circumstances to assess if the officer was "sufficiently culpable for the costs of suppression to outweigh its benefits." *Id.* at 639, 642; *see also United States v. Franz*, 772 F.3d 134, 144-47 (3d Cir. 2014). While the District Court did not have the benefit of *Wright II* when it reached its decision, our opinion in that case makes clear that an individual officer's mental state is relevant and that a suppression motion should be granted only if the officer acted deliberately, recklessly, or with gross negligence. 777 F.3d at 638. *Wright II* also instructs District Courts evaluating an officer's culpability to consider (1) the extent to

---

[8] We consider current developments in the law in assessing *Strickland*'s prejudice prong so as to determine whether counsel's performance "deprive[s] the defendant of any substantive or procedural right to which the law entitles him." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

which the violation undermined the purposes of the Fourth Amendment: assuring in writing that the magistrate found probable cause to search and seize the items mentioned, preventing "general searches," and informing the subject of the search of the scope of the search; and (2) what the Government gained from the violation. *Id.* at 640.

On remand following *Wright I*, the District Court made findings that the officers' "failure to review the warrant before executing it was a 'simple mistake' that conferred no benefit on the Government and amounted at most to negligence." *Id.* at 638. In affirming, we observed that the magistrate judge had found probable cause to search for and seize every item listed in the affidavit; that it was not a "general search" because the officer who filled out the warrant ensured that the officers complied with the warrant; and that the Government did not gain anything from the violation because it would have seized and presented at trial the same evidence if the warrant were valid. *Id.* at 640-42. Thus, even though the subject of the search in that case had not been informed of its scope because the affidavit was not attached to the warrant, we held the relevant considerations weighed in favor of the officer and suppression was not warranted. *Id.* at 641-42.

Here, the record also strongly indicates that the officer's conduct was merely negligent. Although the section on the face of the warrant describing the property to be seized was left blank, an attachment accompanying the warrant listed the items to be seized, including "shoes consistent with footprints recovered from crime scene" (App. 217); a magistrate judge reviewed the warrant and authorized the search; and the FBI agent who had completed the warrant subsequently searched Neal's home, confining his

10

search to the items in the attachment. Moreover, the Government has represented that, if permitted to supplement the record in the District Court, it would establish that the attachment also was presented to the magistrate judge and, subsequently, to the occupant of Neal's home in connection with the search. Because the District Court erroneously concluded the officers' mental state was irrelevant, however, it did not make findings of fact concerning the officers' culpability. We therefore will remand in light of *Wright II* for the District Court to undertake such fact finding in the first instance.[9]

## III.

In sum, we will vacate the District Court's order denying Graves' § 2255 motion, affirm the District Court's holding that Graves was not deprived of his right to effective assistance because his counsel failed to call Neal as a witness, and remand to the District Court so it may assess the officer's culpability as required by *Wright II*.

---

[9] Graves argues in the alternative that even if we determine that he is not entitled to relief on the basis of his *Strickland* claims, that his counsel's failure to call Neal as a witness and failure to object to the search warrant's lack of particularity together constituted cumulative error that "undermined the fundamental fairness of [Graves'] trial and denied him the constitutional right to due process." Appellant's Br. at 35 (quoting *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008)). This argument fails because we have concluded that counsel's decision not to call Neal as a witness was not deficient, and cumulative error analysis only applies when we identify more than one error. *See Williams v. Superintendent, SCI Greene*, No. 11-4319, 2012 WL 6057929, at *2 (E.D. Pa. Dec. 4, 2012).